UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

WP PROPERTY HOLDINGS I,
LLC,

      Plaintiff,

  v.

JR&CO., INC.,

      Defendants.
_____/

Case No. 2:24-cv-778-KCD-NPM

JR&CO., INC.,

      Counter-Claimant

  v.

WP PROPERTY HOLDINGS I,
LLC; AND WESTPOINT HOMES,
LLC,

      Counter-Defendants.
_____/

## ORDER

      Before the Court is Counter-Defendants WP Property Holdings I, LLC and Westpoint Homes, LLC's Motion to Dismiss Counterclaims and Third-Party Claims. (Doc. 53.)[1] Counter-Claimant JR&Co. Inc. has responded (Doc. 60), making this matter ripe. For the reasons below, the motion to dismiss is **DENIED**.

---

[1] Unless otherwise indicated, all internal quotation marks, citations, case history, and alterations have been omitted in this and later citations.

## I. Background

This case stems from a disputed construction project. WP Property owns a commercial building in Chipley, Florida. In 2024, JR&Co was hired to install a new roof on the building. Important for reasons discussed below, the contract was negotiated (and signed) by Westpoint. Westpoint is the "sole member" of WP Property. (Doc. 40 ¶ 2.)

The new roof allegedly failed, so WP Property filed suit. (Doc. 40.) In response, JR&Co pled counterclaims against WP Property and brought Westpoint into the case. (Doc. 48.) The counterclaims include breach of contract (Count I), quantum meruit (Count II), unjust enrichment (Count III), and foreclosure of mechanics' lien (Count IV).

According to WP Property and Westpoint (collectively "Plaintiffs"), no counterclaim is properly pled. (*See* Doc. 53.) Their arguments are addressed in turn below.

## II. Legal Standard

To survive a motion to dismiss, "a complaint must contain sufficient facts, accepted as true, to state a facially plausible claim for relief." *Galette v. Goodell*, No. 23-10896, 2023 WL 7391697, at *3 (11th Cir. Nov. 8, 2023). "A claim is facially plausible if it pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. "[A] plaintiff's obligation to provide the grounds of his

entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

When reviewing a motion to dismiss, courts must accept all factual allegations in the complaint as true and view them in the light most favorable to the plaintiff. *Erickson v. Pardus*, 551 U.S. 89, 93-94 (2007). Legal conclusions, however, "are not entitled to the assumption of truth." *Ashcroft v. Iqbal*, 556 U.S. 662, 664 (2009). And "conclusory allegations, unwarranted factual deductions or legal conclusions masquerading as facts will not prevent dismissal." *Davila v. Delta Air Lines, Inc.*, 326 F.3d 1183, 1185 (11th Cir. 2003). A motion to dismiss fails where the complaint provides facts that raise a right to relief above the speculative level.

### III. Discussion

**Count I—Breach of Contract**

A federal court sitting in diversity, as here, applies the substantive law of the forum state. *Glob. Quest, LLC v. Horizon Yachts, Inc.*, 849 F.3d 1022, 1027 (11th Cir. 2017). Under Florida law, "[t]he elements of a breach of contract claim are (1) the existence of a contract; (2) a breach of the contract; and (3) causation of damages as a result of the breach." *Duran v. Joekel*, No. 2:23-CV-558-JES-NPM, 2024 WL 2384963, at *4 (M.D. Fla. May 23, 2024).

JR&Co has alleged each of these elements. The complaint says that "WestPoint entered into the Contract as the actual or apparent agent of WP Property." (Doc. 48 ¶ 21.) Plaintiffs breached the agreement by "failing to timely pay [JR&Co] in full for amounts owed." (*Id.* ¶ 22.) And finally, JR&Co's "damages include[,] without limitation, the unpaid sums due and owing under the Contract." (*Id.* ¶ 23.) Nothing more is needed from a factual standpoint.

The problem, as Plaintiffs see it, is a legal impediment. As mentioned, only WestPoint signed the underlying contract. Thus, according to Plaintiffs, JR&Co's "breach of contract claim against WP Property fails as a matter of law." (Doc. 53 at 8.) As for Westpoint, the complaint alleges it was acting as an agent for WP Property. And under Florida law, "an agent acting within the course and scope of its agency relationship with a disclosed principal is not liable for the debts or obligations of the principal arising from contracts which the agent may negotiate or execute on behalf of such disclosed principal." (*Id.* (quoting *Sussman v. First Fin. Title Co. of Fla.*, 793 So. 2d 1066 (Fla. Dist. Ct. App. 2001).)

The inherent tension with these arguments should be obvious. Under Plaintiffs' logic, neither of them is responsible for the contract. But Plaintiffs cannot have it both ways—they cannot use the contract to shield WP Property, while simultaneously claiming that WestPoint is free from liability

4

as a disclosed agent. Someone is bound to the contract. *See Sphinx Int'l, Inc. v. Nat'l Union Fire Ins. Co. of Pittsburgh, Pa*, 226 F. Supp. 2d 1326, 1333 (M.D. Fla. 2002) ("Florida follows the generally accepted contract principle that one may not accept the fruits of a contract and at the same time renounce, or repudiate, the burdens which that contract places on him.").

JR&Co alleges that Westpoint signed the contract as an agent for WP Property. That is sufficient to state a claim. *See Collins v. Aetna Ins. Co.*, 103 Fla. 848, 851 (1931). Plaintiffs' contention that this agency theory would require parol evidence, which is barred by the merger clause in the contract, is an evidentiary issue for another day. *See, e.g., Babul v. Golden Fuel, Inc.*, 990 So. 2d 680, 683 (Fla. Dist. Ct. App. 2008) ("Unless the contract explicitly excludes the principal as a party, parol evidence is admissible to identify a principal and to subject the principal to liability on a contract made by an agent. The parol-evidence rule does not bar proof that an agent made a contract on behalf of a principal.").

As for WestPoint, the complaint alleges it was acting as an agent when it signed the contract. While an agent acting on behalf of a disclosed principal "is not liable for claims arising out of a contract executed by the agent," the rule flips when the principal is undisclosed. *El Jordan v. Solymar, S. De R.L.*, 315 F. Supp. 2d 1355, 1364 (S.D. Fla. 2004); *see also Panama Realty, Inc. v. Robison*, 305 So. 2d 34, 36 (Fla. Dist. Ct. App. 1974). Looking at the contract

5

here, there is no sign that WestPoint was acting as an agent for WP Property. Indeed, WP Property isn't mentioned at all. So taking all inferences in JR&Co's favor, as the Court must, it's reasonable to conclude that WestPoint was acting for an undisclosed principal. These facts likewise create an actionable claim. *See Hohauser v. Schor*, 101 So. 2d 169, 169 (Fla. Dist. Ct. App. 1958).

While JR&Co may eventually need to settle on a single theory between the Plaintiffs, *see Babul*, 990 So. 2d at 684, that choice need not be made now. The breach of contract claim can move forward as pled.

**Counts II & III—Quantum Meruit and Unjust Enrichment**

These equitable claims largely overlap, so they are addressed together. Under Florida law, to prevail on a quantum-meruit claim, a plaintiff must show that (1) it conferred a benefit on the defendant; (2) the defendant had knowledge of the benefit; (3) the defendant accepted or retained the benefit; and (4) the circumstances are such that it would be inequitable for the defendant to retain the benefit without paying its fair value. *Com. P'ship 8098 Ltd. P'ship v. Equity Contracting Co.*, 695 So. 2d 383, 386 (Fla. Dist. Ct. App. 1997). The elements of unjust enrichment are: "(1) the plaintiff has conferred a benefit on the defendant; (2) the defendant voluntarily accepted and retained that benefit; and (3) the circumstances are such that it would be

inequitable for the defendants to retain it without paying the value thereof." *Virgilio v. Ryland Grp., Inc.*, 680 F.3d 1329, 1337 (11th Cir. 2012).

The complaint hits each element. JR&Co conferred a benefit—a new roof. (Doc. 48 ¶ 25.) Plaintiffs knew of and accepted the benefit. (*Id.* ¶¶ 26-30.) Payment has not been tendered, so it would be inequitable for Plaintiffs to now retain the benefit without compensation. (*Id.* ¶ 32.)

Plaintiffs insist, though, that JR&Co cannot seek equitable relief because a written contract governs the roof replacement. (Doc. 53 at 9.) They note that a claimant "cannot pursue an equitable theory, such as unjust enrichment or quantum meruit, to prove entitlement to relief if an express contract exists." *Imaflex, Inc. v. Cutrale Farms, Inc.*, No. 8:21-CV-1341-KKM-CPT, 2021 WL 3930510, at *1 (M.D. Fla. Sept. 2, 2021).

While Plaintiffs are correct on the law, JR&Co has alleged its equitable claims in the alternative. Under Florida law, a plaintiff may plead unjust enrichment or quantum meruit in the alternative to a breach-of-contract claim where one or more of the parties contest the applicability of the underlying contract, as is the case here. *See Frayman v. Douglas Elliman Realty, LLC*, 515 F. Supp. 3d 1262 (S.D. Fla. 2021); *Medimport S.R.L. v. Cabreja*, 929 F. Supp. 2d 1302, 1321 (S.D. Fla. 2013). So JR&Co's equitable claims also survive.

**Count IV—Mechanic's Lien Foreclosure**

"Where a contractor complies with all provisions of Chapter 713, Florida Statutes, and has substantially performed the contract, he is entitled to a mechanic's lien." *Grant v. Wester*, 679 So. 2d 1301, 1307 (Fla. Dist. Ct. App. 1996). The lien can cover "labor, services, materials, or other items required by, or furnished in accordance with, the direct contract and for unpaid finance charges due under the lienor's contract." Fla. Stat. § 713.05.

JR&Co alleges that it "filed and recorded by the County Clerk's Office for Washington County, Florida, a Claim of Lien for the sum of $609,322.94 on the Property, the premises in which the Project was located." (Doc. 48 ¶ 42.) The complaint also alleges that "[a]ll conditions precedent to receiving payment and to bringing this action to foreclose on the Claim of Lien have occurred, have otherwise been fully performed or performed to the extent permitted by the actions of Defendants." (*Id.* ¶ 43.) Nothing more is needed at this point to pursue a foreclosure claim.

Plaintiffs offer several arguments in response, none of them persuasive. First, WestPoint claims it has no interest in the subject property. (Doc. 53 at 11.) And thus, "there can be no foreclosure claim against [it]." (*Id.*) But the complaint alleges that WestPoint *does* have an ownership interest. (Doc. 48 ¶ 41.) The Court must accept JR&Co's alleged facts at this point. *WB Servs., Inc. v. Nature Coast Dev. Grp., LLC*, No. 1:21-CV-74-AW-GRJ, 2021 WL

9349943, at *4 (N.D. Fla. Sept. 2, 2021) ("At this stage, again, what matters are the complaint's factual allegations.").

Second, Plaintiffs argue that JR&Co cannot use its contract with WestPoint to assert a lien against WP Property's property. Not so. *See Warshaw v. Pyms*, 266 So. 2d 355, 357 (Fla. Dist. Ct. App. 1972) (a direct contract, binding the owner directly, can be formed "by the owner through an agent, as effectively as if the parties made such contract face-to-face"). Whether a contract existed between JR&Co and WP Property is a mixed question of law and fact, and JR&Co deserves the opportunity to develop factual evidence establishing this contractual relationship.

Finally, Plaintiffs maintain that JR&Co "has not alleged facts to show that it satisfied the conditions precedent for [any] type of lien." (Doc. 53 at 12.) To be sure, because construction liens are created by statute, contractors seeking the benefits of a lien must strictly comply with the law's requirements. *See, e.g.*, *In re McCarthy*, 649 B.R. 904, 912 (Bankr. M.D. Fla. 2023). But "[i]n pleading conditions precedent, it suffices to allege generally that [they] have occurred or been performed." Fed. R. Civ. P. 9(c). The complaint does that here, so JR&Co's foreclosure claim also survives. *See, e.g.*, *Tinker v. Savili*, No. 1:24-CV-2869-MHC, 2025 WL 1914895, at *3 (N.D. Ga. Mar. 14, 2025); *Wells Fargo Bank NA v. Dougherty*, No. 3:17CV26-MCR/GRJ, 2017 WL 11687940, at *5 (N.D. Fla. Dec. 19, 2017).

9

For these reasons, it is now **ORDERED**:

1. Plaintiffs' Motion to Dismiss Counterclaims and Third-Party Claims (Doc. 53) is **DENIED**.

2. Plaintiffs must answer the counterclaims and third-party claims within fourteen days.

**ENTERED** in Fort Myers, Florida on December 30, 2025.

Kyle C. Dudek
United States District Judge